UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CODY M. MATTHEWS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-1862 |
| DR. WILLIAM LO, ET AL. | SECTION "I" (4) |

## REPORT AND RECOMMENDATION

Plaintiffs Cody M. Matthews and Frank W. Beckendorf, III, filed a Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 4).  The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).[1]  Upon review of the record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

## I.      BACKGROUND

### A.      Facts from Complaint

Plaintiffs Matthews and Beckendorf are inmates housed in the St. Tammany Parish Jail ("STPJ").  Plaintiffs filed this 42 U.S.C. § 1983 complaint *pro se* and *in forma pauperis* against numerous medical care providers and administrative officials at STPJ.  Beckendorf complains that on May 15, 2021, he had an appointment with Dr. Lo, but the appointment was to be held in a public area in front of the medical bay, so Beckendorf terminated the appointment because he believed it violated his medical confidentiality.  ECF No. 1, §IV¶1, at 4.

---

[1] Without consent of the parties, a magistrate judge is without jurisdiction to issue a dispositive order on a motion for temporary restraining order and preliminary injunction.  *Ritter v. Cook*, 45 F. App'x 325, 2002 WL 1899582, at *2 (5th Cir. Jul. 8, 2002) (citing *Withrow v. Roell*, 288 F.3d 199, 204-05 (5th Cir. 2002) (holding that magistrate judge must secure consent of all parties before acting pursuant to 28 U.S.C. § 636(c))).

Matthews complains of a similar incident on October 29, 2020, when his telemed examination took place where other inmates and prison staff could hear his conversation with Dr. Lo. *Id*. He also alleges that, on or about March 23 through 25, 2021, he was left shackled and handcuffed sitting on a bench for two hours while his housing unit was searched by prison officials. *Id*., ¶2, at 5. He claims that some of his personal items were discarded during the search. He also claims that when he asked to be returned to his cell, deputies grabbed him and tasered him. During the incident, his handcuffs were allegedly tightened, causing his hands to turn purple and resulting in nerve damage to his hands and wrists.

During another search conducted on August 26, 2021, Matthews claims that deputies asked him to place his hands behind his head until they completed the search. *Id*., ¶3, at 5. When he tried to explain to the deputies he had a disabled shoulder and could not hold his arms up for extended periods, he alleges that four deputies took him to a hallway outside of the dormitory, handcuffed him, forced him to walk down the hall, and told him to place his knees against a bench, after which they hyperextended his arms. *Id*. at 6. When he complained that they were hurting him, one deputy used vulgar threats. The deputies then slammed Matthews to the ground on his stomach and pulled his pants and undergarments off, exposing his genitals. Matthews claims that this was sexual assault, but he has not filed a PREA[2] complaint for fear of retaliation by prison officials. He also alleges that he lost personal items during the search, including his wedding ring.

Finally, plaintiffs complain that the food at STPJ is nutritionally inadequate. *Id*., ¶4, at 6. Because of this, the dietician provides vitamin supplement pills once every two weeks. He claims, however, that they do not provide enough for all of the inmates to get a pill.

---

[2] Prison Rape Elimination Act, codified at 34 U.S.C. § 30301, *et seq*.

Plaintiffs jointly seek monetary damages for Matthews' injuries and injunctive relief to prevent defendants from having a negative influence on their criminal cases, to restrict physical retaliation by deputies, cause a PREA complaint to be filed on Matthews' behalf, and medical care for Matthews' shoulder.

### B.    Plaintiffs' Motion for Injunctive Relief

In this motion for injunctive relief, plaintiffs assert that, without a TRO, they will suffer irreparable harm because Matthews' injuries and pain will worsen because of alleged inadequate medical care at the facility.  They also assert that Matthews fears reprisal from deputies if he files a PREA report about the alleged sexual assault.  They contend that a TRO is necessary to prevent future retaliation.  Plaintiffs therefore request a TRO and permanent injunction, without notice to the defendants, to accomplish the following:

(1)    prohibit the defendants and sheriff's office from abusing, harassing, stalking, or threatening plaintiffs, including the use or threat of force or physical violence reasonably expected to cause bodily harm;

(2)    prohibit the sheriff's office or others from negatively influencing any of plaintiffs' pending criminal cases; and

(3)    prohibit defendants from damaging or taking any of plaintiffs' belongings, interfering with the mail delivery to plaintiffs, or interfering with plaintiffs' living conditions.

## II.    Standards of Review

The basic framework for the issuance of preliminary injunctions and temporary restraining orders is set forth in FED. R. CIV. PROC. 65.  A plaintiff seeking an injunction must show that:

(1)    he has suffered an irreparable injury;

(2)    remedies available at law such as monetary damages are inadequate to compensate for that injury;

3

(3)     a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant; and

(4)     the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017).

Issuance of an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" as to each of the four factors. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985) (injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (an injunction is the exception, not the rule.). In addition, for a temporary injunction, the plaintiff must show a likelihood of success on the merits, and for a permanent injunction, the plaintiff must normally show actual success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

Under FED. R. CIV. PROC. 65, a preliminary injunction may issue "only on notice to the adverse party." For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition." The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. PROC. 65 (b)(1).

Injunctive relief is designed to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

Furthermore, in the prison setting, requests for injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation). The Prison Litigation Reform Act ("PLRA") also makes clear that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a) (1). A prisoner may not obtain a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. *See* 18 U.S.C. § 3626(a) (2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial

weight to any adverse impact on public safety or the operation of a criminal justice system" caused

by the relief and shall respect the certain principles of comity where state or local law is concerned.

18 U.S.C. §§ 3626(a) (1) (B), 3626(a) (2); *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).

## III.    Analysis

Plaintiffs Beckendorf and Matthews have not shown that either has suffered an irreparable

injury to warrant injunctive relief.  A plaintiff has generally experienced irreparable harm "if the

injury cannot be undone through monetary remedies." (citation and internal quotes omitted) *Enter.*

*Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985).

Loss of personal items and physical or emotional injury are both compensable through monetary

relief.  The harm asserted by plaintiffs is not irreparable for purposes of awarding injunctive relief.

*Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008).

In the context of the prison setting, the relief sought falls outside of the narrow limits of

the claims of breach of medical privacy and alleged excessive force asserted in the complaint.

Plaintiffs instead seek to prevent the prison officials from using *any* force, apparently even

reasonable force, which is often necessary to maintain order and discipline in the jail.  Similarly,

jail officials need the ability to confiscate contraband and other items which pose a threat within

the jail.  Thu, the restrictions sought by plaintiffs are overly broad.

The relief sought is also speculative and unsupported by the declarations and asserted

claims.  For example, plaintiffs have not addressed claims related to interference with any criminal

proceedings or mail delivery in the prison, yet they seek an injunction with regard to these matters.

Matthews also admittedly has not filed a PREA claim, yet he seeks injunctive relief to prevent

reprisal that *may* occur *if* he files a PREA complaint.  This is wholly speculative on Matthews part.

The plaintiffs also have not established a likelihood of success on the merits of their underlying claims of breach of privacy and excessive force. Initially, prisoners have no absolute constitutional right in the privacy of their medical records. *Alfred v. Corrections Corp. of America*, 437 F. App'x 281, 285 (5th Cir. 2011). A constitutional violation may occur, however, if there is an intentional disclosure of an inmate's records or if the prison staff "foster[s] an atmosphere of disclosure with deliberate indifference to constitutional rights" and the disclosure serves no legitimate penological interest. *Id*.

For a claim of excessive force, a pretrial detainee must show that the use of force was "objectively unreasonable" under the circumstances. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). To determine reasonableness, the courts may look to subjective factors "insofar as they address the practical importance of taking into account the legitimate safety-related concerns of those who run jails." *Id*. at 401. Subjective factors include whether the inmate was injured, the amount of force used, and the need to use force to maintain or restore discipline. *Id*. at 401-02; *see Narro v. Edwards*, 829 F. App'x 7, 11 (5th Cir. 2020) (summarizing the law on subjective factors to be considering for use of force against pretrial detainee).

The court is conducting its statutory frivolousness review pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e, as applicable. Until that review is completed, the court also cannot confirm at this time that there is a likelihood that plaintiffs will succeed on the claims asserted in the complaint.

Therefore, the plaintiffs have not met the burden necessary for the court to issue temporary or permanent injunctive relief under Fed. R. Civ. Proc. 65. They also have not provided grounds

for this court to intervene in the normal operations of the jail, as required for injunctive relief under the PLRA.

## IV.    Recommendation

It is therefore **RECOMMENDED** that the Motion for Temporary Restraining Order or Preliminary Injunction (Rec. Doc. No. 4) filed by plaintiffs Cody M. Matthews and Frank W. Beckendorf, III be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this _____5th_____ day of November, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.