UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CODY M. MATTHEWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1862** |
| **WILLIAM LO, ET AL.** | **SECTION "O"** |

# ORDER

Before the Court in this 42 U.S.C. § 1983 case arising from correctional officers' alleged use of excessive force against *pro se* Plaintiff Cody Matthews—a pretrial detainee who was held at the St. Tammany Parish Jail on charges of first-degree attempted murder and second-degree kidnapping—are two unopposed qualified-immunity-based motions for summary judgment by the Defendant–officers.[1]

First, Defendant Sergeant Van Cavin moves for summary judgment dismissing Matthews's excessive-force claim arising from a March 3, 2021 incident in which Cavin used one four-second taser stun in response to Matthews's continued resistance of Cavin's and other officers' efforts to restrain Matthews.[2] Cavin contends that the undisputed summary-judgment record reflects that his use of force against Matthews was objectively reasonable, and that he enjoys qualified immunity in any event.[3]

---

[1] ECF Nos. 69 & 77. The motions for summary judgment seek dismissal of the only claims left in this lawsuit. Adopting Magistrate Judge Currault's report and recommendation, ECF No. 23, Judge Africk dismissed as frivolous and/or for failure to state a claim all claims except Matthews's Section 1983 excessive-force claims against Sergeant Van Cavin, Deputy Daniel Boyet, Deputy Mason Martinez, and Deputy Jacob Spohrer, ECF No. 27 at 1–2.
[2] ECF No. 69.
[3] ECF No. 69-1 at 17–25.

Second, Defendants Deputy Daniel Boyet, Deputy Mason Martinez, and Deputy Jacob Spohrer move for summary judgment dismissing Matthews's excessive-force claim arising from an August 26, 2021 incident in which correctional officers walked Matthews down a hallway in an "escort position" and later took Matthews to the ground after Matthews resisted the officers' commands.[4] These Defendants contend that they are entitled to summary judgment because their use of force was objectively reasonable, and because they enjoy qualified immunity in any event.[5]

Matthews failed to timely respond to the motions. Both motions were noticed for submission on February 21, 2024,[6] making Matthews's responses due on February 13. *See* LOCAL CIVIL RULE 7.5. Although Matthews missed his February 13 deadline, the Court granted him until April 10 to file his responses and notified him that "[i]f [he] fails to file responses by April 10, he will forfeit his right to have the Court consider any arguments he may wish to raise in opposition to the motions."[7]

Matthews failed to file responses by his extended deadline of April 10,[8] and his "*pro se* status d[oes] not excuse him from following the local rules[.]" *Thorn v.*

---

[4] ECF No. 77.
[5] ECF No. 77-1 at 14–29.
[6] ECF Nos. 69-3 and 77-3.
[7] ECF No. 84 at 1–2.
[8] It was incumbent upon Matthews to timely notify the Court of any change of address. *See* LOCAL CIVIL RULE 41.3.1 (empowering the Court to dismiss an action for failure to prosecute if a *pro se* litigant fails to timely notify the Court of a change of address); LOCAL CIVIL RULE 11.1 (explaining that "[e]ach attorney and *pro se* litigant has a continuing obligation promptly to notify the court of any address or telephone number change"). When Defendants filed their motions for summary judgment, on February 5 and 6, 2024, Matthews's last reported address was the St. Tammany Parish Detention Center. *See* ECF No. 46 at 1. Consistent with Matthews's last reported address, the Clerk's Office sent copies of the motions for summary judgment to Matthews at the St. Tammany Parish Detention Center. None of those mailings have been returned to the Clerk's Office marked "undeliverable." On March 26, Matthews filed a motion for appointment of counsel stating that he had been "temporarily relocated to Elayn Hunt Correctional Center" "[d]ue to circumstances beyond [his] control[.]" ECF No. 82 at 1. Matthews did not state when he had been "temporarily relocated," and he

2

*RaceTrac Petroleum, Inc.*, No. 21-30492, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) (per curiam) (citing *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)). Although the Court may not grant Defendants' motions for summary judgment "simply because there is no opposition," *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 127, 1279 (5th Cir. 1985), the Court may "accept[] as undisputed the facts so listed in support of [Defendants'] motion[s] for summary judgment," *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988); *accord White v. Coffield Med. Staff,* No. 21-40211, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) (per curiam) ("Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed." (citing *Eversley*, 843 F.2d at 174)); *see also* FED. R. CIV. P. 56(e)(3) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

Accordingly, because Matthews failed to file timely responses, the Court (1) "accept[s] as undisputed the facts so listed in support of [Defendants'] motion[s] for summary judgment," *Eversley*, 843 F.2d at 174, and (2) asks whether Defendants' undisputed facts establish their entitlement to summary judgment. They do.

---

did not reference the motions for summary judgment or otherwise indicate that he had not received copies of the motions or any other court documents filed in February 2024. *Id.* In an abundance of caution, however, the Clerk's Office mailed the order extending Matthews's response deadline, ECF No. 84, to Matthews at Elayn Hunt Correctional Center. Matthews nonetheless failed to respond.

Defendants are entitled to summary judgment because Matthews failed to carry his burden to overcome Defendants' qualified-immunity defense. Summary judgment is proper if Defendants show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). But Defendants' "good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to [Matthews] to show that the defense is not available." *Scott v. City of Mandeville*, 69 F.4th 249, 254–55 (5th Cir. 2023) (internal citations and quotation marks omitted). To carry his burden to overcome Defendants' qualified immunity defense here, Matthews "must show: (1) that the [Defendants] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the [Defendants'] challenged conduct." *Crandel v. Hall*, 75 F.4th 537, 543 (5th Cir. 2023) (internal citation and quotation marks omitted). The Court "can analyze the prongs in either order or resolve the case on a single prong." *Perry v. Mendoza*, 83 F.4th 313, 317 (5th Cir. 2023) (internal citation and quotation marks omitted).

Matthews fails to carry his burden to overcome the first prong of Defendants' qualified-immunity defense. To carry that burden, Matthews must present evidence, viewed in the light most favorable to him, establishing that Defendants violated his Fourteenth Amendment rights as a pretrial detainee by using force against him that was "objectively unreasonable" considering the factors articulated in *Kinglsey v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Those factors are "the relationship between the need for the use of force and the amount of force used; the extent of

[Matthews's] injury; any effort made by [Defendants] to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by [Defendants]; and whether [Matthews] was actively resisting." *Id.* at 397.

Matthews necessarily fails to carry his prong-one burden because he offers no evidence at all in opposition to Defendants' properly supported qualified-immunity-based motions for summary judgment. Because Matthews offers no evidence to support a finding that any Defendant used objectively unreasonable force against him at any time, Matthews necessarily fails to overcome the first prong of Defendants' qualified-immunity defense. Defendants are therefore entitled to summary judgment.

Matthews also fails to carry his burden to overcome the second prong of Defendants' qualified-immunity defense. To avoid summary judgment on that second prong here, Matthews "has the burden to point out the clearly established law." *Clarkston v. White*, 943 F.3d 988, 993 (5th Cir. 2019). That means Matthews had to "provide controlling precedent showing that [Defendants'] particular conduct violated a clearly established right." *Craig v. Martin*, 49 F.4th 404, 418 (5th Cir. 2022).

Matthews fails to do so. "For a right to be clearly established, 'existing precedent must have placed the . . . constitutional question beyond debate.'" *Id.* at 417 (ellipses in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "That is because qualified immunity is inappropriate only where the officer had fair notice— in light of the specific context of the case, not as a broad general proposition—that his *particular* conduct was unlawful." *Id.* (italics in original) (internal citation and quotation marks omitted). Here, after Defendants properly raised qualified

5

immunity, Matthews "failed to point to any case—sufficiently analogous or otherwise—supporting the proposition that the alleged constitutional violation was of clearly established law." *Culberson v. Clay Cnty.*, No. 23-60310, —F.4th—, 2024 WL 1501551, at *3 (5th Cir. Apr. 8, 2024). Matthews thus fails to overcome the second prong of Defendants' qualified-immunity defense by pointing to controlling precedent showing that any Defendant's particular conduct violated any clearly established right. Defendants are entitled to summary judgment on this independent ground.

Accordingly,

**IT IS ORDERED** that the motions[9] for summary judgment are **GRANTED**. Matthews's remaining claims are **DISMISSED WITH PREJUDICE**. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58. Defendants' motions[10] *in limine* are **DENIED AS MOOT**.

New Orleans, Louisiana, this 16th day of April, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] ECF Nos. 69 & 77.
[10] ECF Nos. 66 & 85.